UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br>v.<br><br>RAJIV SAUSON, and individual and SUNSHINE MOTEL INN, LLC, a Washington limited liability company,<br><br>Defendants. | NO: 1:15-CV-3197-RMP<br><br>ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER |

BEFORE THE COURT is Defendants' Motion for Protective Order, ECF No. 38, filed by Defendants Sunshine Motel Inn, LLC, and Rajiv Sauson (hereinafter collectively "Defendants"). Defendants request a protective order quashing the deposition subpoena of Ashwini Sauson, wife of Defendant Rajiv Sauson. *Id.* A telephonic hearing was held on September 15, 2016. The Court has reviewed the relevant pleadings and is fully informed.

/ / /

/ / /

ORDER DENYING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER~ 1

# BACKGROUND

Plaintiff Thomas E. Perez, Secretary of Labor, United States Department of Labor (hereinafter "Secretary") filed his original Complaint on November 18, 2015, ECF No. 1, which brought claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201-219.  The Complaint sought a permanent injunction restraining Defendants from violations of multiple Sections of the FLSA; an order of unpaid wages and overtime compensation, as well as liquidated damages, for affected workers; an award of the Secretary's costs; and an order granting other relief as necessary. ECF No. 1.  On January 29, 2016, the Secretary amended his Complaint as a matter of right and added a claim of Interference with the Secretary's Investigation.  ECF No. 8.  Both Complaints included an Exhibit A that listed four employees identified by the Secretary as allegedly owed back wages and liquidated damages. *See* ECF Nos. 1 and 8.

The Court entered its Bench Trial Scheduling Order on March 24, 2016, which required that all discovery be completed on or before September 23, 2016. ECF No. 14 at 4.  On March 29, 2016, the Secretary served Defendants with interrogatories and requests for production of documents.  ECF No. 26, ¶ 3.  The Secretary received Defendants' written discovery responses on May 5, 2016, and Defendants' initial production of documents on May 13, 2016.  ECF No. 26, ¶ 5. Following a dispute over the thoroughness of the response, the Secretary received Defendants' supplementary production of documents on June 20, 2016.  ECF No.

ORDER DENYING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER~ 2

26, ¶ 8.  Among these responses, Ms. Sauson was listed as someone who "does some bookkeeping."  ECF No. 56-2.  The Secretary received a third amendment of the initial disclosures from Defendants sometime after June 20, 2016,[1] and listed Ms. Sauson as an individual who may have relevant knowledge regarding employment, hours worked, and compensation of the employees listed in Exhibit A to the Secretary's Complaint. ECF No. 56-3 at 3.

Mr. Sauson was deposed on July 13, 2016, in relation to a separate matter. ECF No. 56-1. In this deposition, Mr. Sauson listed Ms. Sauson as the party responsible for maintaining payroll records, maintaining tax records, holding the responsibility for reporting workers to the Employment Security Department, and handling all bookkeeping and tax filing for the relevant period. ECF No. 56-1 at 5.

In response to the discovery disclosures and Mr. Sauson's deposition, on August 15, 2016, the Secretary notified Defendants that he would be serving a subpoena commanding testimony and production of records from Ms. Sauson. ECF No. 38 at 2.

---

[1] The Secretary only lists partial records and does not include the date for the Third Amended Initial Disclosures, located in Exhibit 3 to Declaration of Hailey R. McAllister. ECF No. 56.

ORDER DENYING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER~ 3

# DISCUSSION

Defendants assert in their initial motion that the subpoena for Ms. Sauson should be quashed because the adverse spousal testimonial privilege bars Ms. Sauson from providing potentially adverse testimony against her spouse, Defendant Rajiv Sauson. ECF No. 38. In their reply, however, Defendants also assert that the marital communications privilege bars disclosure of marital communications between the Sausons. ECF No. 76.

**Neither of the marital privileges applies.**

FED. R. EVID. 501 provides that "the privilege of a witness [or] person . . . shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in light of reason and experience." The federal common law recognizes two marital privileges: adverse spousal testimonial privilege and marital communications privilege. *See Trammel v. United States*, 445 U.S. 40, 53, 100 S.Ct. 906, 63 L.Ed.2d 186 (1980); *United States v. Montgomery*, 384 F.3d 1050, 1056 (9th Cir. 2004). These are separate privileges. The adverse spousal testimonial privilege allows a spouse to refuse to testify adversely against his or her spouse. *United States v. Griffin*, 440 F.3d 1138, 1143 (9th Cir. 2006) (citing *Trammel*, 445 U.S. at 53). The marital communications privilege: "(1) extends to words and acts intended to be a communication; (2) requires a valid marriage; and (3) applies only to confidential communications." *Montgomery*, 384 F.3d at 1054 (citing *United States v. Marashi*, 913 F.2d 724, 729-30 (9th Cir.

1990)). The privilege is recognized to "obstruct[] the truth-seeking process" and is construed narrowly. *Id.*

The adverse spousal testimonial privilege is limited generally to criminal proceedings with a few distinct exceptions in which life or liberty are at risk. *See Hawkins v. United States*, 358 U.S. 74, 77, 79 S.Ct. 136, 3 L.Ed.2d 125 (1958) ("Adverse testimony given in criminal proceedings would, we think, be likely to destroy almost any marriage."); *Trammel*, 445 U.S. at 51 ("The *Hawkins* privilege is invoked . . . to exclude evidence of criminal acts and of communications made in the presence of third persons."); *cf. Gilles v. Del Guercio*, 150 F. Supp. 864 (S.D. Cal. 1957) (privilege extended to an immigration proceeding, which is distinctive due to the nature of the risks to the potential deportee). The adverse spousal testimonial privilege is unique in that "[n]o other testimonial privilege sweeps so broadly." *Trammel*, 445 U.S. at 51. The *Trammel* court opined that the stakes were so high in criminal proceedings that only a marriage in "disrepair" would result in testimony. *Id.* The current proceedings do not have these dire risks found in a criminal proceeding that would support application of the adverse spousal testimonial privilege.

The marital communications privilege is also inapplicable here because the information sought was not intended to remain confidential. *Montgomery*, 384 F.3d at 1056. Marital communications are privileged only when "because of its nature or the circumstances under which it was made, [the communication] was obviously

ORDER DENYING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER~ 5

not intended to be confidential." *Id.* (quoting *Wolfle v. United States*, 291 U.S. 7, 14 (1934)).

The Secretary seeks to depose Ms. Sauson about her work in bookkeeping, taxation, and record keeping of a business. These records are not the equivalent of an intimate letter between a husband and a wife. *See Montgomery*, 384 F.3d at 1054 (personal letter between defendant and wife was the type of document expected to be confidential). Numerous parties could be expected to have access to the documents about which the Secretary seeks information, including but not limited to other employees, corporate owners of the Sunshine Motel Inn, LLC, and state or federal agencies that oversee business operation or taxation. Because the information sought by the Secretary is not of the nature intended to be confidential within a marriage, the marital communication privilege does not apply.

**Defendants failed to demonstrate undue burden on Ms. Sauson.**

Defendants further argue that even if the marital privileges do not apply, the subpoena for Ms. Sauson should be quashed because it would be unduly burdensome. ECF No. 38 at 5. Defendants assert Ms. Sauson has no managerial role that would enable her access to the information requested.[2] *Id.* The discovery

---

[2] Defendants further attempt to demonstrate undue burden by re-arguing the policy behind the marital privileges. ECF No. 76 at 7. As the Court has already addressed

ORDER DENYING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER~ 6

materials and Mr. Sauson's deposition testimony demonstrate otherwise. *See* ECF No. 56, Ex. 1-3. Defendants identified Ms. Sauson as responsible for "some" bookkeeping, and Mr. Sauson's testimony supports an expansion of her knowledge to include tax records, payroll records, and reporting to various governmental agencies. ECF No. 56-1. This is significantly more bookkeeping than alluded to in the discovery response. The Court finds the subpoena request reasonable in light of the information presented.

According, **IT IS HEREBY ORDERED** that Defendants' Motion for Protective Order, **ECF No. 38**, is **DENIED.**

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** this 15th day of September, 2016.

>             *s/ Rosanna Malouf Peterson*
> ROSANNA MALOUF PETERSON
>      United States District Judge

---

the inapplicability of the marital privileges to Ms. Sauson's subpoena, this will not be further revisited.

ORDER DENYING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER~ 7