UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

EDWARD C. HUGLER, Acting Secretary of Labor, United States Department of Labor,

    Plaintiff,

v.

SUNSHINE MOTEL INN, LLC, a limited liability company; RAJ AND COMPANY, INC., a corporation; and RAJIV SAUSON, an individual,

    Defendants.

Case No. 1:15-CV-3197-RMP

CONSENT JUDGMENT AND ORDER

EDWARD C. HUGLER, Acting Secretary of Labor, United States Department of Labor, and Defendants SUNSHINE MOTEL INN, LLC, RAJ AND COMPANY, INC. and RAJIV SAUSON (collectively, "Defendants") have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment as follows:

**I.     STATEMENT BY THE PARTIES**

    A.    The Secretary filed a Second Amended Complaint alleging that the Defendants violated Sections 6, 7, 11, and 15 of the Fair Labor Standards Act of 1938, as amended (the "FLSA"), 29 U.S.C. §§ 206, 207, 211, and 215.

CONSENT JUDGMENT AND ORDER ~ 1

B. Defendants waived formal service and acknowledge receipt of a copy of the Secretary's Complaint.

C. The Secretary and Defendants waive Findings of Fact and Conclusions of Law.

D. Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the United States District Court for the Eastern District of Washington.

E. Defendants agree to the entry of this Consent Judgment without contest.

F. Defendants acknowledge that Defendants and any individual, agent, or entity acting on their behalf or at their direction has notice of, and understands, the provisions of this Consent Judgment.

G. Defendants admit that they operate a motel in Yakima, Washington; that this business is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. 203(s)(1)(A); and that, as such, Defendants are subject to the provisions of the FLSA.

H. Defendants admit that Defendant Sauson at all relevant times acted directly or indirectly in the interest of Sunshine Motel in relation to its employees, including hiring, firing and supervising employees, maintaining employment records, setting employee schedules and pay rates, and determining employment practices, and that as such, he is an "employer" individually liable for the back wages and liquidated damages owed to Sunshine Motel's employees under Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

I. Defendants admit that Defendant Raj and Company, Inc. at all relevant times acted directly or indirectly in the interest of Sunshine Motel in relation to its employees, including maintaining the corporate bank account used by Sunshine Motel, holding a 98% ownership stake in Sunshine Motel, and paying

CONSENT JUDGMENT AND ORDER ~ 2

Sunshine Motel's payroll and other business expenses, and as such is an "employer" in relation to Sunshine Motel's employees jointly liable for the back wages and liquidated damages owed to the employees under Section 3(d) of the FLSA, 29 U.S.C. § 203(d). Defendants further admit that Defendant Raj and Company, Inc. at all times was an enterprise engaged in commerce under 29 U.S.C. § 203(s)(1)(A); and that Sunshine Motel and Raj and Company, Inc. constitute a single enterprise under 29 U.S.C. § 203(r)(1) in that they engage in related activities performed through common control for a common business purpose.

J. Defendants admit to violating Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), during the period of January 1, 2012, through February 23, 2017, (the "Subject Period") by paying their employees' wages at rates less than the applicable federal minimum wage in workweeks when said employees were engaged in commerce or in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA.

K. Defendants admit to violating Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), during the Subject Period, by failing to make, keep and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as required under 29 C.F.R. Part 516.

L. Defendants admit that during the Subject Period, they made deductions from the wages of employees who lived onsite at Sunshine Motel, but failed to maintain records required under Section 3(m) of the FLSA, 29 U.S.C. § 203(m), and 29 C.F.R. § 516.27 in order to lawfully make such deductions, and thus were not entitled to treat the cost of lodging as wages.

M. Defendants admit that during the Subject Period they have misclassified workers at their motel as independent contractors, rather than

CONSENT JUDGMENT AND ORDER ~ 3

employees subject to the protections of the FLSA. Defendants agree that, as of the date of signing this consent judgment, they have correctly classified all current motel personnel as employees subject to the protections of the FLSA, including payment of minimum wage and overtime, and protection from retaliation. Defendants agree that all employees shall be properly classified going forward.

N. Defendants understand and expressly acknowledge that it is "unlawful for any person . . . to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under [the FLSA], or has testified or is about to testify in any such proceeding . . . ." 29 U.S.C. § 215(a)(3). Defendants understand and expressly acknowledge that it is illegal to retaliate in any manner against any employee, including employees named in the Secretary's complaint, because he or she has participated, or Defendants believe he or she has participated, in these proceedings by *inter alia* talking to or providing information to the Secretary's representatives, making a wage-related complaint to a government agency or to the employer, or in any other way pursuing his or her rights under the FLSA. Defendants understand and expressly acknowledge that such unlawful retaliation may include, but is not limited to firing, disciplining, reducing pay, or evicting an employee from Defendants' motel because of the employee's protected conduct, or protected conduct in which Defendants believe the employee engaged. Defendants further understand and expressly acknowledge that taking any retaliatory actions against any employee or person in violation of the FLSA and the express terms of this Consent Judgment may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

## II. **JUDGMENT**

Therefore, upon motion of the attorneys for the Secretary, and for cause shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that

CONSENT JUDGMENT AND ORDER ~ 4

pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendants, their officers, agents, servants, employees, successors and all persons in active concert or participation with them are permanently enjoined and restrained from violating the provisions of the FLSA, in any of the following manners:

1. Defendants shall not, contrary to Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), employ any of their employees at rates less than the applicable federal minimum wage in workweeks when said employees are engaged in commerce or in the production of goods for commerce or are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA.

2. Defendants shall not, contrary to Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), employ any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, for workweeks longer than forty hours, unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and one-half times the regular rate at which he is employed.

3. Defendants shall not fail to make, keep, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as required by Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), and the implementing regulations found in 29 C.F.R. Part 516, and make such records available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access.

4. Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to the Defendants or to someone else for the Defendants, any money in the form of cash, check, or any

other form, for wages previously due or to become due in the future to said employee under the provisions of this judgment or the FLSA; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this judgment or the FLSA; nor shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from the Defendants under the provisions of this judgment or the FLSA.

5. Defendants shall not, contrary to section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any employee because such employee has or is believed to have filed any wage complaint, including making a complaint to Defendants, or instituted or caused to be instituted any proceeding under the FLSA or has provided information to the Department of Labor in any such proceeding.

6. Defendants shall, within 90 days of entry of this Consent Judgment and Order, classify all workers at Sunshine Motel as employees subject to the protections of the FLSA, and shall pay all legally required taxes and insurance premiums on behalf of the employees going forward.

7. Defendants, jointly and severally, shall not continue to withhold payment of $45,000, which represents the unpaid minimum wage and overtime compensation hereby found to be due for the Subject Period, to the employees named in the attached Exhibit A in the amounts set forth therein. **IT IS FURTHER ORDERED AND ADJUDGED** that Defendants, jointly and severally, shall pay to the Secretary the sum of $45,000 plus the additional sum of $45,000 as liquidated damages, pursuant to FLSA Section 16(c), 29 U.S.C. § 216(c), for the Subject Period to the employees named in the attached Exhibit A in

the amounts set forth therein, as a full and final resolution of all claims alleged in the Second Amended Complaint.

8. **JUDGMENT IS HEREBY ENTERED** in the total amount of $90,000 against the Defendants, jointly and severally, and in favor of the Plaintiff, Secretary of Labor. The total amount of the judgment against Defendants is $90,000, and includes any amounts described in paragraph 7 above. The amount of the judgment is allocated as set forth in Exhibit A hereto. Defendants agree to pay the amount and understand that said amount will be allocated by the Secretary to individuals as set forth in Exhibit A for the purpose of resolution of the claims, but Exhibit A is not a determination of the hours or days worked by employees.

9. The provisions of paragraphs 6 and 7 of this Consent Judgment will be deemed satisfied when Defendants comply with the following provisions:

a. Within 30 days of the entry of this Consent Judgment, Defendants shall deliver to District Director Jeanette Aranda, Wage and Hour Division, United States Department of Labor, 300 Fifth Avenue, Suite 1130, Seattle, WA 98104 a list containing the last known home address, social security number, and telephone number (if known) for each person named in the attached Exhibit A, if known.

b. Defendants shall make the back wage and liquidated damages payments due under this Judgment, the total amount of which is $90,000, by paying $30,000 cash or cashier's check within 15 days of entry of this order, and the remaining $60,000 paid in 36 monthly installments, as specified in subparagraph 9.c below, by delivering cashier's checks or money orders in the required amount, with the name of "Sunshine Motel" written on it, payable to the order of the "Wage & Hour Div., Labor," to Wage and Hour Division District Director Jeanette Aranda at the address listed in Paragraph 9.a. of this Consent Judgment. Each check must indicate in the subject line whether it is to be allocated to Back Wages or Liquidated Damages as set forth below.

c. The payments shall be made in installments as follows:

| Payment on or before | Amount | Payment for (to list in check memo) |
|---|---|---|
| 15 days after the entry of this order | $30,000.00 | Liquidated damages |
| May 10, 2017 | $1,666.67 | Liquidated damages |
| June 10, 2017 | $1,666.67 | Liquidated damages |
| July 10, 2017 | $1,666.67 | Liquidated damages |
| August 10, 2017 | $1,666.67 | Liquidated damages |
| September 10, 2017 | $1,666.67 | Liquidated damages |
| October 10, 2017 | $1,666.67 | Liquidated damages |
| November 10, 2017 | $1,666.67 | Liquidated damages |
| December 10, 2017 | $1,666.67 | Liquidated damages |
| January 10, 2018 | $1,666.64 | Liquidated damages |
| February 10, 2018 | $1,666.67 | Back wages |
| March 10, 2018 | $1,666.67 | Back wages |
| April 10, 2018 | $1,666.67 | Back wages |
| May 10, 2018 | $1,666.67 | Back wages |
| June 10, 2018 | $1,666.67 | Back wages |
| July 10, 2018 | $1,666.67 | Back wages |
| August 10, 2018 | $1,666.67 | Back wages |
| September 10, 2018 | $1,666.67 | Back wages |
| October 10, 2018 | $1,666.67 | Back wages |
| November 10, 2018 | $1,666.67 | Back wages |
| December 10, 2018 | $1,666.67 | Back wages |
| January 10, 2019 | $1,666.67 | Back wages |
| February 10, 2019 | $1,666.67 | Back wages |
| March 10, 2019 | $1,666.67 | Back wages |
| April 10, 2019 | $1,666.67 | Back wages |
| May 10, 2019 | $1,666.67 | Back wages |
| June 10, 2019 | $1,666.67 | Back wages |
| July 10, 2019 | $1,666.67 | Back wages |
| August 10, 2019 | $1,666.67 | Back wages |
| September 10, 2019 | $1,666.67 | Back wages |
| October 10, 2019 | $1,666.67 | Back wages |
| November 10, 2019 | $1,666.67 | Back wages |
| December 10, 2019 | $1,666.67 | Back wages |
| January 10, 2020 | $1,666.67 | Back wages |
| February 10, 2020 | $1,666.67 | Back wages |
| March 10, 2020 | $1,666.67 | Back wages |

| | | |
|---|---|---|
| April 10, 2020 | $1,666.58 | Back wages |
| **TOTAL** | $90,000.00 | |

10. The Secretary shall allocate and distribute the back wages and liquidated damages to the persons named in the attached Exhibit A, or to their estates if necessary, in his sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c). The Secretary shall be responsible for deducting the employee's share of FICA and federal income taxes from the back wage amounts paid to the persons named in the attached Exhibit A, and for remitting said deductions to the appropriate federal agencies. Defendants are responsible for the employer portion of employment taxes on the back wages hereby found due.

11. In the event of a default in the timely making of the payments specified in this Consent Judgment, the full gross amount outstanding due under this Consent Judgment, plus post-judgment interest at the rate of 10% per year from the date of this Consent Judgment until the monetary amounts due under this Consent Judgment are paid in full, shall become immediately due and payable directly to the U.S. Department of Labor by certified check to the Wage and Hour Division. For the purposes of this paragraph, a "default" is deemed to occur if payment is not received by Wage and Hour within five (5) calendar days of the due date.

12. **IT IS FURTHER ORDERED** that within 90 calendar days of the entry of this Consent Judgment, Defendants shall amend and maintain their recordkeeping and payroll practices to comply with the FLSA. To accomplish the provisions of this paragraph:

a. Defendants shall keep records as required by 29 C.F.R. Part 516.

b. Defendants shall procure and install a time clock, or a similar computer-based electronic timekeeping system, at Sunshine Motel and ensure that each employee uses this timekeeping system to accurately record the time the employee: (i) begins work each day by clocking/punching in as soon as the employee enters the worksite or (if the employee resides onsite) begins his or her first work task of the day; (ii) begins any uninterrupted work-free meal period of 30 minutes or more by clocking/punching out at the beginning of the lunch period; (iii) ends any uninterrupted work-free meal period of 30 minutes or more by clocking/punching in at the end of the uninterrupted work-free meal period; and (iv) ends work each day by clocking/punching out just before the employee leaves the worksite or (if the employee resides onsite) finishes his or her final work task of the day; and (v) begins and ends any period, if any, when the employee is duty-free and thus not paid by clocking/punching out.

c. For each work week, Defendants shall sum the time indicated on the time records recorded on the timekeeping system by each employee to identify the time worked each day and each workweek. Each pay period Defendants shall prepare a statement of hours and wages for each employee ("Itemized Pay Statement"). The Itemized Pay Statement shall provide at a minimum, (1) the employee's gross wages earned for the pay period, (2) total hours worked, (3) all deductions, (4) net wages earned, (5) the inclusive dates of the period for which the employee is paid, (6) all applicable hourly rates in effect during the pay period, and (7) the corresponding number of hours worked at each hourly rate. The Itemized Pay Statement must specifically identify all amounts deducted for lodging provided to the employee. Employees who work over 40 hours in a week must be paid their regular rate for all hours worked plus an additional half time premium for the hours worked over forty. Defendants shall calculate the half-time premium for hours worked over forty in each work week by dividing the employees' regular rate in half.

d. For a period of not less than three years following entry of this judgment Defendants shall include the following statement on each Itemized Pay Statement:

> Your employer must pay you for all hours you work, including time and a half pay for overtime when you work more than 40 hours in a week. Your hours worked includes all the time that you are not free from work duties. Your employer cannot make deductions from your pay for housing you are provided at Sunshine Motel unless you receive detailed written information about the amount you have been charged for a room each pay period. Your agreement to stay in employer provided housing must also be voluntary. You must also be offered the option to receive cash pay for the amount you are charged for lodging at the motel. If you think your employer has not correctly paid you for all hours you worked, or has made illegal deductions from your pay, you can call the U.S. Department of Labor to make a confidential complaint at 1-866-4US-WAGE.

Defendants shall maintain copies of all Itemized Pay Statements for three years after issuance for inspection and/or copying by authorized agents of the Secretary, or by the employee listed in the Itemized Pay Statement at any time upon request without prior notice.

e. Defendants shall not include the value of the provision of lodging facilities to employees as part of employees' pay (claim a "lodging credit") absent strict compliance with 29 C.F.R. Part 516, including but not limited to 29 CFR § 516.27. Defendants shall maintain all records described at 29 C.F.R. § 516.27, including itemized accounts showing the nature and amount of any expenditures entering into the computation of the reasonable cost of lodging for which a lodging credit is claimed for a period of three years and shall make such documents available for inspection by authorized agents of the Secretary, or affected employees, upon request without prior notice. In addition, on March 1, and October 1 of each year, Defendants shall post at each of their facilities, in an area that is frequented by employees, a statement showing how Defendants calculated

CONSENT JUDGMENT AND ORDER ~ 11

the amount of any lodging credit Defendants claimed during the previous calendar year. If Defendants continue to offer on-site lodging to employees, they must provide each employee the option to receive cash pay in lieu of lodging equal to the lodging credit Defendants would otherwise claim against the employee's wages.

    f.    Defendants shall maintain all timecards and payroll records for a period of not less than three years.

    g.    Defendants shall record all hours worked by employees in the payroll records.

    h.    Defendants shall reflect all the amounts paid to employees, regardless of the manner of payment, on the payroll records.

    i.    Defendants shall not alter or manipulate time or payroll records to reduce the number of hours actually worked by an employee.

    j.    Defendants shall not request, require, or otherwise cause employees to sign inaccurate time records.

13.    **IT IS FURTHER ORDERED** that Defendants take the additional actions listed in this paragraph to ensure future compliance with the FLSA:

    a.    Within ten days of the entry of this Consent Judgment, Defendants shall post a copy of the attached Exhibit B "Notice of Employee Rights" at Sunshine Motel an area that is frequented by employees. The Notice of Employee Rights shall remain posted on the premises for a minimum of three years.

14.    The filing, pursuit, and/or resolution of this proceeding with the filing of this Consent Judgment shall not act as or be asserted as a bar to any action under Section l6(b) of the FLSA, 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit A, nor as to any employee named on Exhibit A for any period not specified therein.

15.    Each party shall bear all fees and other expenses (including court costs) and attorneys' fees that might be available under the Equal Access to Justice

Act incurred by such party in connection with any stage of this proceeding to date.

16. Nothing in this Consent Judgment and Order is binding on any government agency other than the United States Department of Labor, Wage and Hour Division.

17. This Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of the Consent Decree.

The District Court Clerk is directed to enter this Order, enter Judgment for Plaintiff as outlined in this Order, provide copies to counsel, and close this case.

Dated this 5th day of May, 2017.

*Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

| Last Name | First Name | Back Wage Start Date | Back Wage End Date | Back Wages | Liquidated Damages |
|---|---|---|---|---|---|
| Armstrong | Lucia | 2/12/2013 | 2/23/2013 | $302.42 | $302.42 |
| Barriga | Isabel | 7/16/2013 | 12/31/2013 | $2,606.99 | $2,606.99 |
| Beckworth | Brandy | 2/1/2012 | 7/31/2012 | $512.56 | $512.56 |
| Bhambra | Ranjit | 7/11/2015 | 2/18/2017 | $619.00 | $619.00 |
| Chandra | Shastlie | 10/1/2012 | 12/31/2012 | $256.28 | $256.28 |
| Del Valle | Charie | 9/30/2012 | 2/18/2017 | $3,544.67 | $3,544.67 |
| Floresco | Margaret | 8/1/2012 | 10/28/2012 | $1,405.88 | $1,405.88 |
| Harris | Manivone | 1/1/2012 | 8/31/2012 | $13,031.06 | $13,031.06 |
| Johnson | Kimberly | 6/28/2014 | 2/1/2015 | $445.96 | $445.96 |
| Kumar | Bipesh | 11/21/2014 | 2/18/2017 | $1,569.80 | $1,569.80 |
| Lakhanpal | Ramswarup | 10/5/2013 | 10/21/2014 | $360.85 | $360.85 |
| Lopez Trejo | Lucero | 2/12/2013 | 12/15/2013 | $3,989.16 | $3,989.16 |
| Martinez | Maria | 10/4/2014 | 6/24/2015 | $1,639.08 | $1,639.08 |
| Montesa | Jose | 12/27/2012 | 4/5/2013 | $256.28 | $256.28 |
|  | Neha | 1/2/2016 | 2/18/2017 | $473.14 | $473.14 |
| Owens | Crystal | 2/27/2016 | 2/18/2017 | $473.14 | $473.14 |
| Radu | Tabita | 1/1/2014 | 10/3/2014 | $260.81 | $260.81 |
| Rios | Melissa | 9/2/2012 | 12/31/2012 | $5,019.13 | $5,019.13 |
| Rivera | Jennifer | 8/1/2012 | 4/1/2014 | $7,301.71 | $7,301.71 |
| Rocha | Felipe | 9/30/2012 | 8/4/2016 | $741.54 | $741.54 |
| Rodriguez | Andrea | 7/8/2015 | 11/20/2015 | $138 | $138 |
| Thurman | Joie | 10/1/2013 | 8/31/2014 | $52.54 | $52.54 |
|  |  |  |  |  |  |
| **Totals** |  |  |  | $45,000 | $45,000 |

EXHIBIT B

# NOTICE OF EMPLOYEE RIGHTS
# UNDER THE FAIR LABOR STANDARDS ACT

In November 2015, the U.S. Department of Labor sued SUNSHINE MOTEL INN, LLC and RAJIV SAUSON. The Labor Department sued these employers because they violated the Fair Labor Standards Act (FLSA), the federal law that requires employers to pay minimum wage and overtime to their employees. These employers didn't pay their employees minimum wage for all of their hours worked. They also failed to pay overtime premiums and misclassified employees as "independent contractors."

To settle this lawsuit, these employers have agreed to pay back wages and damages to employees who were not correctly paid and have promised to comply with the FLSA in the future.

<u>You have legal rights under the FLSA, including:</u>

- ➢ The right to minimum wage and overtime premiums.

- ➢ The right to be treated as an employee rather than an independent contractor, with all the protections that come with being an employee. This includes minimum wage, overtime pay, protection against retaliation, family and medical leave, and unemployment and worker's compensation insurance.

- ➢ The right to receive your pay free of illegal deductions.

- ➢ The right to speak freely with Department of Labor investigators.

- ➢ The right to be free of retaliation because you spoke to the Labor Department; complained to your employer that you weren't being paid correctly; or received a payment as part of this settlement.

- ➢ The right to be free of any demand from your employer that you pay back in any way the money you receive under this settlement.

If you think your employer has not correctly paid you for all hours you worked, or if you believe they have taken action against you because you spoke with the Department of Labor or received a payment under the settlement agreement, please call the U.S. Department of Labor to make a confidential complaint. **The phone number is 1-866-4US-WAGE.**

CONSENT JUDGMENT AND ORDER ~ 15